Nicholas MAZUR

v.

COMMONWEALTH OF PENNSYLVA-
NIA, DEPARTMENT OF TRANSPOR-
TATION, Civil Service Commission,
Governor's Administration Office

and

American Federation of State, County
and Municipal Employees (AFSCME).

Civ. A. No. 79–4072.

United States District Court,
E. D. Pennsylvania.

March 4, 1980.

Nicholas Mazur, pro se.

Barbara Raup and Frank Fisher, Asst. Attys. Gen., Commonwealth of Pa., Harrisburg, Pa., for Commonwealth of Pa.

Richard Kirschner, Jonathan K. Walters, Philadelphia, Pa., for AFSCME.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, a former real estate administrator with the Pennsylvania Department of Transportation, commenced this *pro se* action to challenge the failure of the Pennsylvania Supreme Court to consider his allegations that defendants denied him rights guaranteed by the Pennsylvania Public Employee Relations Act of 1970, 43 P.S. § 1101.101 *et seq.* (Act 195), various provisions of the Pennsylvania Civil Service Act of 1941, 71 P.S. § 741.1 *et seq.*, and the Pennsylvania law giving preferences in employment to veterans, 51 Pa.Cons.Stat.Ann. § 7101 *et seq.* Initially plaintiff filed charges of unfair labor practices against defendants with the Pennsylvania Labor Relations Board pursuant to Act 195. The Board, a Commonwealth administrative agency charged with the duty of enforcing the provisions of Act 195, dismissed the charges on January 29, 1979. Plaintiff then appealed to the Commonwealth Court of Pennsylvania, which construed the appeal as a petition for review in the nature of an appeal from the State Civil Service Commission. Relying upon Pa.R.A.P.

**4**

1512(a)(1),[1] the Commonwealth Court dismissed plaintiff's petition as untimely. Plaintiff then filed a "motion to put aside the perfunctory defense ruling by the Court and respondents, and call for a summary judgment", which the Commonwealth Court dismissed in late April. Two weeks later plaintiff filed with the Pennsylvania Supreme Court a petition for allowance of appeal from the decision of the Commonwealth Court. On October 22, 1979, the Supreme Court denied plaintiff's petition. Plaintiff now seeks review in federal court of the state court determinations.

 Plaintiff predicates jurisdiction in federal court upon Section 204 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. § 211.204.[2] Apparently plaintiff views this forum as an appellate court to which he may appeal the refusal of the Pennsylvania administrative agencies as well as the Commonwealth and Supreme Courts of Pennsylvania to grant him relief. This Pennsylvania statute does not, and indeed cannot, create jurisdiction in federal court, for "federal courts possess limited jurisdiction, conferred only as the Constitution and Congress direct". *Holman v. Carpenter Technology Corp.,* 484 F.Supp. 406, 408 (E.D.Pa. 1980). Due regard for the "rightful independence" of state governments requires federal courts to confine their own jurisdiction to the precise limits established thereby. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971).

Plaintiff's attempts to fit within these strictures remain unsuccessful. Plaintiff can avail himself of neither the Labor Management Relations Act, 29 U.S.C. § 185, nor the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, for both acts specifically exclude from their purview public employees like plaintiff. See 29 U.S.C. § 152(2) and § 402(e).[3]

As recently noted in this district, "*pro se* pleadings should be approached with liberality. When an individual either cannot afford the services of an attorney or chooses to prosecute his claim himself ... courts must proceed painstakingly in an effort to discern the nature of plaintiff's claim and to insure that his lack of familiarity with legal proceedings does not result in his forfeiting a potentially valid claim. On the other hand, a judge may not become the surrogate attorney for a party, even one who is proceeding *pro se*. A *pro se* plaintiff must abide by the Federal Rules of Civil Procedure and when confronted by motions to dismiss must articulate reasons why the motions should not be granted". *Tilli v. Capabianco,* No. 79–931, slip op. at 1–2 (E.D.Pa. January 28, 1980). Accordingly, defendants' motion to dismiss will be granted.

---

1. This rule reads: "Except as otherwise prescribed by Subdivision (b) of this rule: (1) A petition for review of a quasi judicial order, or an order appealable under 42 Pa.C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Plaintiff conceded that he did not comply with this rule, which the Court may not extend. Pa.R.A.P. 105(b).

2. The Judiciary Act Repealer Act of 1978, Act of April 28, 1978, P.L. 202, No. 53, repealed this Act. However, Section 724 of the Judicial Code, 42 Pa.Con.Stat.Ann. § 724, substantially reenacts the provision, which now reads:

   Final orders of the Superior Court and final orders of the Commonwealth Court not appealable under section 723 ... may be reviewed by the Supreme Court upon allowance of appeal by any two justices of the Supreme Court upon petition of any party to the matter....

   If an appeal is improvidently taken to the Supreme Court under section 723 in a case where the proper mode of review is by petition for allowance of appeal under this section, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a petition for allowance of appeal and as if duly filed at the time the appeal was taken.

3. These provisions, respectively, read:

   The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States ... or any State ....

   "Employer" means any employer ... but does not include the United States ... or any State ....