**Carole L. TAYLOR, Plaintiff,**

v.

**Laurel DIZNOFF, Defendant.**

**Civ. A. No. 86–194.**

United States District Court,
W.D. Pennsylvania.

April 25, 1986.

Carole L. Taylor, pro se.

Arnold M. Friedman, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff filed this action pro se. The caption of her Complaint contains the heading "Civil Rights Violation and Freedom of Information Act Violation."[1] Presently pending is defendant's motion to dismiss for failure to state a claim upon which relief can be granted, to which plaintiff has responded.

At the outset we recognize that pro se pleadings must be construed liberally. "[C]ourts must proceed painstakingly in an effort to discern the nature of plaintiff's claim and to insure that his lack of familiarity with legal proceedings does not result in his forfeiting a valid claim. On the other hand, a judge may not become the surrogate attorney for a party, even one who is proceeding pro se. A pro se plaintiff must abide by the Federal Rules of Civil Procedure and when confronted by motions to dismiss must articulate reasons why the motions should not be granted." *Mazur v. Pennsylvania Department of Transportation*, 507 F.Supp. 3, 4 (E.D.PA 1980), *aff'd* 649 F.2d 860 (3d Cir.1981), *cert. den.* 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 973 (1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir.1980).

Plaintiff's complaint arises out of a divorce case. Defendant is her husband's attorney. Defendant subpoenaed plaintiff's personnel file at her place of employment as part of that action. Plaintiff believes that defendant's copying of certain documents in the file and discussion of the

---

**1.** Plaintiff repeatedly asserts that our jurisdiction over this matter rests in 28 U.S.C. §§ 1254 and 1257, but these sections concern the jurisdiction of the Supreme Court.

contents with others, without notice and an opportunity to be present, violates her civil rights under 42 U.S.C. § 1983.

■ In deciding the applicability of Section 1983 the court must first determine whether the acts complained of were performed "under color of any statute, ordinance, or regulation, custom or usage of any State or Territory." See *Henderson*, 631 F.2d at 1118. It is well established that an individual cannot sue a private attorney as a state actor under Section 1983 for conduct in a prior criminal trial. *Black v. Bayer*, 672 F.2d 309 (3d Cir.1982), *cert. den.* 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982); *Henderson*, 631 F.2d 1115; *Gay v. Watkins*, 579 F.Supp. 1019 (E.D.Pa. 1984). This rule is subject to the exception that joint action with a state official may convert the private party's conduct into the sort actionable under section 1983. *Black*, 672 F.2d at 318. Plaintiff cannot take advantage of this exception. Her pleadings, construed liberally or otherwise, reveal a disagreement only with her husband's attorney's manner of gathering information in preparing for a divorce hearing.

There is appreciably less authority on a private attorney's liability under section 1983 when the prior proceeding was civil. We believe the circumstances for finding such liability even less compelling in regard to prior civil matters, where the state was not even a party to the proceeding.

■ In *Dahlberg v. Becker*, 748 F.2d 85 (2d Cir.1984), the Court of Appeals for the Second Circuit[2] considered a question of first impression similar to ours. There, the former husband was jailed for a night for repeated failure to satisfy a stipulation of settlement that had been made part of a divorce decree. The husband then sued his former wife and her attorneys, who of course had initiated the legal proceedings that led to his confinement, under section 1983. The court upheld the district court's dismissal of the action under Rule 12(b)(6) because of the absence of a state actor or state action. Here, where the injury is less perceptible and the basis for misconduct much less clearly defined, we likewise can discern no circumstances under which defendant's action can be fairly attributed to the state. See also *Kovacs v. Goodman*, 383 F.Supp. 507 (E.D.Pa.1974), *aff'd* 515 F.2d 507 (3d Cir.1975).[3]

■ Plaintiff's invocation of the Freedom of Information Act, 5 U.S.C. § 552, has no moment since the statute applies only to government agencies.

■ Similarly, the Fourth Amendment does not extend to the conduct of private persons absent an association with government officials that we previously have found lacking. *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

■ Plaintiff also has asserted violations of the Code of Professional Responsibility. Such violations, even if true, do not form the basis for federal jurisdiction.

Plaintiff may find a remedy in another forum. Indeed, it appears that part of her complaint stems from a lack of knowledge of how to protect her rights in state court, which may be remedied simply by seeking the advice of counsel. Complaint ¶ 10. In any event, because it is plain that plaintiff can prove no set of facts which entitle her to relief, we will grant defendant's motion.

---

**2.** Hon. Max Rosenn sitting by designation.

**3.** Defendant's pleadings are not without blemishes. *Kovacs* was affirmed by the Court of Appeals without opinion. It is misleading to refer to the language of the district court as a "Third Circuit holding" as defendant does in her brief.