In re DANDY DOUGHBOY DONUTS, INC., Debtor.

Bankruptcy No. 86–02816–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Oct. 17, 1986.

Kenneth B. Whitman, Ft. Lauderdale, Fla., for debtor.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Chief Judge.

This chapter 11 petition was filed September 12. Bankruptcy Rule 1007(d) requires the immediate filing of:

a list containing the name, address *and claim* of the creditors that hold the 20 largest *unsecured* claims, *excluding insiders,* as prescribed by Official Form No. 9.

The debtor filed a petition, unaccompanied by the required schedules of assets and liabilities, to which it attached as Exhibit A a list of 12 creditors including the addresses for 8 of the creditors. The debtor also tendered two copies of Exhibit A.

The list, except for the omission of four addresses, complies with the requirement of B.R. 1007(a)(1), but Exhibit A does not comply with the requirements of B.R. 1007(d) quoted above. The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1).

The requirement that the amount of claims be stated not only enables the clerk to identify the 20 largest unsecured creditors, but also identifies the largest unsecured creditor who can be named as provisional chairman instructed to call the committee together for an initial organizational meeting. The debtor's failure to comply with this rule frustrated that purpose.

Because Exhibit A is not restricted to unsecured creditors, Exhibit A cannot be used as a basis for the identification of the unsecured creditors' committee. The debtor's failure to comply with the rule frustrated this purpose.

Exhibit A does not purport to have omitted insiders, as is required by this rule, and the name of the debtor's sole shareholder and president appears as creditor 12 on Exhibit A. He is obviously an insider. § 101(28)(B). Furthermore, creditor 11 is a female with the same surname. It appears probable that she is also an insider. § 101(28)(B)(vi).

When this petition was filed, two experienced deputy clerks, one of whom is an attorney serving as Estate Administrator for the supervision of chapter 11 cases, each explained to the debtor's counsel the inadequacy of the foregoing attempted compliance with B.R. 1007(d). Counsel became abusive and insisted that his submission satisfied the requirements of the Rule.

On or before September 17, the Estate Administrator telephoned the debtor's counsel and once again called his attention to the failure to comply with the particulars identified above as required by B.R. 1007(d). Counsel again became abusive and stated he would not furnish the requested information without a court order.

On September 17, an Order to Show Cause was entered by this court directing the debtor to show cause on October 14 why this case should not be dismissed because of the debtor's failure to comply with the foregoing mandatory requirement. (C.P. No. 2). At the hearing held October 14, the debtor had still not complied with the rule and offered no excuse or explanation other than the insistence of its counsel that he had complied with the rule.

The Bankruptcy Rule requires that the schedules of assets and liabilities, if not filed with the original petition, be filed within 15 days thereafter. B.R. 1007(c). This debtor failed to comply with that mandatory requirement and had not complied in the 17 days following that deadline.

This case is dismissed. Dismissal is with prejudice to the filing of any bankruptcy case by this debtor earlier than six months after this order becomes final.