**Richard J. WAGNER**

v.

**UNITED STATES BANKRUPTCY COURT.**

**Civ. A. No. 87–0679.**

United States District Court, E.D. Pennsylvania.

Nov. 10, 1988.

Richard J. Wagner, Pottsville, Pa., pro se.

Virginia R. Powel, Asst. U.S. Atty., for the U.S. Bankruptcy Court.

Richard Thornburg, Lipkin, Marshall, Bohorad & Adamds, P.C., Pottsville, Pa., for Pennsylvania Nat. Bank & Trust Co.

**MEMORANDUM AND ORDER**

HUYETT, District Judge.

Richard Wagner filed this *pro se* petition for a writ of mandamus to compel the Bankruptcy Court to adjudicate his Chapter 13 bankruptcy petition.

*Facts*

Wagner filed his bankruptcy petition on September 25, 1985. However, Wagner did not file with his petition, or within fifteen days of the filing of his petition, the schedules and Chapter 13 statement required under Bankruptcy Rule 1007[1]. The docket

---

1. Bankruptcy Rule 1007(b) provides:

    The debtor in a chapter 13 individual's debt adjustment case shall file with the court a Chapter 13 Statement conforming to Official Form No. 10 and, if the debtor is engaged in business, a statement of financial affairs prepared as prescribed by Official Form No. 8.

Bankruptcy Rule 1007(c) provides:

    The schedule and statements, if not filed in a pending case, shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtor's creditor's and their addresses, within 15 days thereafter ...

sheet for Wagner's bankruptcy case reveals that in the following months, Wagner never filed the required materials, although he did file several motions to clarify or vacate the court's orders. On April 11, 1986, he also filed an adversary action against creditor Philadelphia National Bank (PNB). *See* Bankruptcy Case Record, appended as Exh. C to Motion to Dismiss. On June 4, 1986, the Honorable Thomas M. Twardowski held a hearing on PNB's motion for relief from the automatic stay, following which Judge Twardowski dismissed the action.

On June 13, 1986, Wagner filed in the bankruptcy court a "Motion to Modify 'Order'" and a "Statement of Assets & Liabilities as at [sic] 6–11–86." In his motion, Wagner sought thirty days to "perfect his pleadings." Citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), he asserted that Judge Twardowski "failed to abide by the principle" that a *pro se* litigant "should be held 'to less stringent standards' than those of lawyers." Motion to Dismiss, Exh. A. Wagner did not appeal the dismissal of his bankruptcy petition.

*Discussion*

The remedy of mandamus is "a drastic one, to be invoked only in extraordinary situations" which amount "to a judicial usurpation of power." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980).

> In order to insure that the writ will issue only in extraordinary circumstances, this Court has required that the party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'"

*Id.* at 35, 101 S.Ct. at 190 (citations omitted).

In this case, the dismissal of Wagner's bankruptcy petition does not represent a "judicial usurpation of power" warranting an order of mandamus compelling adjudication of the petition. Rather, the action of the bankruptcy court was simply the enforcement of a procedural rule governing the filing of schedules and statements. *See In re Dandy Doughboy Donuts*, 66 B.R. 457 (S.D.Fla.1986) (dismissing Chapter 11 petition because of debtor's failure to file list of creditors and claims).

However much I may sympathize with the plight of *pro se* bankruptcy petitioners, I cannot relieve them of their duty to comply with filing requirements that are applicable to all Chapter 13 petitioners, whether *pro se* or represented. *See Mazur v. Pennsylvania Department of Transportation*, 507 F.Supp. 3, 4 (E.D.Pa.1980) ("[A] judge may not become the surrogate attorney for a party, even one who is proceeding *pro se*. A *pro se* plaintiff must abide by the Federal Rules of Civil Procedure and when confronted by motions to dismiss must articulate reasons why the motions should not be granted.")

If the bankruptcy judge erred in dismissing the petitioner's case, the petitioner's remedy was a direct appeal of the order of dismissal, not a petition for mandamus [2]. The latter remedy is reserved for situations in which the petitioner has "no other adequate means to attain the relief he desires." *Kerr v. U.S. District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed. 2d 725 (1976), *citing Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 941–42, 87 L.Ed. 1185 (1943). Furthermore, as the dismissal of Wagner's bankruptcy petition renders moot his adversary

**2.** The petitioner argues that he was not notified of the order dismissing his case. However, his "Motion to Modify 'Order'" refers expressly to the June 4, 1986 order.

Bankruptcy Rule 8002(b) provides for a tolling of the ten day appeal period pending the resolution of motions under Rule 7052 "to amend or make additional findings of fact." However, although styled as a Rule 7052 motion, the petitioner's "Motion to Modify 'Order'" did not seek amended or additional factual findings.

complaint against PNB, I cannot compel the adjudication of that action.

Therefore, I will grant the respondent's motion to dismiss the petition for mandamus.