**Tony RUMFOLA, Plaintiff,**

v.

**Vincent MUROVICH, William Drylie, Hector Leroy, Anthony G. Marsili, Donald Japalucci, Judith Ciszek, Defendants.**

**No. C.A. 88–2618.**

United States District Court,
W.D. Pennsylvania.

Oct. 8, 1992.

---

Tony Rumfola, pro se.

Vincent Murovich, Pittsburgh, PA, Peter F. Troglio, Jeannette, PA, Paul J. Elias, Greensburg, PA, A. Taylor Williams, Philadelphia, PA, for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

This case has its origin in an arrest and preliminary hearing held in state court.[1] On or about February 18, 1982, defendant William Drylie, a patrolman with the Jeannette Police Department in Jeannette, Pennsylvania, charged Plaintiff, Tony Rumfola, with criminal conspiracy, deceptive business practices and theft by deception in violation of Pennsylvania criminal laws.[2]

On March 25, 1982, Mr. Rumfola, together with his attorney, Vincent Murovich and the district attorney, Anthony G. Marsili, agreed to pay the victim restitution and the costs of prosecution in exchange of dismissal of the charges filed against him. District Justice Donald Japalucci presided over the preliminary hearing and approved both the settlement and the dismissal of all charges.[3]

Plaintiff's federal Complaint and Amended Complaint, filed in the form of less than cogent "narratives," indicate there was a breakdown in the agreement reached to settle this matter. As a result, counsel was appointed to represent Mr. Rumfola

---

1. At the outset, we note that several attempts have been made by plaintiff, either by letter or in the form of a Motion, to have this member of the Court "correct or modify" certain "facts" recited by another member of this Court in his Opinion dated April 27, 1989. In that Opinion, the Honorable Maurice B. Cohill, Jr., discusses, *inter alia,* the underlying actions in this case. For reasons discussed *infra,* we find there is no basis to modify and/or correct the Chief Judge's recitation of the facts. Because we find the Court's brief factual recitation of this case to be helpful, particularly in view of the often convoluted presentation of the "facts," our Opinion essentially reflects the review as set forth in the Court's April 27, 1989 Opinion.

2. The criminal complaint in this matter charged certain unlawful and deceptive conduct involving one Albert Leroy of 7 East Gaskill Avenue, Jeannette, Pennsylvania. The incident involved alleged defects in Mr. Leroy's home furnace and plaintiff's alleged representations that the repair/replacement costs to correct these problems would be nearly $9,000.00 when, in reality, they should have been approximately $1,000.00.

3. The terms of the restitution agreement are embodied in a letter from defendant Japalucci to plaintiff dated May 4, 1982. Plaintiff was to repay Albert Leroy $750.00 and full costs of prosecution totalling $96.00.

throughout the remaining criminal proceedings.

Our review of the materials filed by Plaintiff in support of his federal Complaint reveals that Mr. Rumfola's case was placed into an accelerated rehabilitative disposition program (ARD). Subsequently, a letter from District Attorney John J. Driscoll dated April 6, 1988 stated that Plaintiff's case was scheduled for a revocation hearing, presumably due to Mr. Rumfola's failure to make payment in full pursuant to the restitution agreement. Finally, on November 18, 1988, for reasons unclear on the face of the record before us, Plaintiff's criminal case was nolle prossed.

On November 28, 1988, Mr. Rumfola, acting *pro se*, initiated this action by filing a Complaint seeking to recover damages for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Another member of this Court, the Honorable Maurice B. Cohill, Jr., granted Plaintiff's Motion to Proceed in Forma Pauperis on November 30, 1988. With the exception of Hector Leroy, all of the Defendants filed motions to dismiss the Complaint.[4] (Document Nos. 4, 9, 16, 17, 18). Judge Cohill denied without prejudice Defendants' Motions to Dismiss and granted Plaintiff leave to amend his Complaint.[5] (Document No. 24).

Plaintiff filed his Amended Complaint in an attempt to properly plead his claims on August 25, 1989. (Document No. 34). Defendant Vincent Murovich, who is a lawyer representing himself in this action, filed a Motion to Dismiss the Amended Complaint on September 20, 1989. (Document No. 36). By order dated March 27, 1990, Judge Cohill granted Defendant Murovich's motion to dismiss. (Document No. 40).

Plaintiff's Amended Complaint was originally captioned "Motion to Request." This caption was deleted with "white-out" on the document in the Court file, and the caption "Amended Complaint" was added by a different typewriter. The Amended Complaint was filed without a certificate of service on August 25, 1989.

Plaintiff filed on August 31, 1989 a separate document entitled "Certificate of Mailing." (Document No. 35). The Certificate of Mailing indicates that Plaintiff mailed copies of the Amended Complaint to Defendants Marovich [sic], Drylie, Japalucci, Marsili and Ciszek, rather than to their attorneys. The Certificate of Mailing states, "Said *Motion to* Amended [sic] Complaint mailed this 28 [sic] day of August, 1989." [emphasis added]. Document Number 35, the Certificate of Mailing, was not accompanied by its own certificate of service.

After Judge Cohill sent a copy of his Memorandum Order dated March 27, 1990 to all counsel of record, counsel for Defendant Japalucci filed a Motion to Dismiss Amended Complaint on April 11, 1990. (Document No. 41). In the attached Memorandum of Law, Defendant Japalucci, by counsel, avers:

In September, 1989, notwithstanding representation for Defendant Donald Japalucci, this moving Defendant received in the mail a Motion to File an Amended Complaint. Neither counsel for this Defendant nor the Defendant himself has received an Amended Complaint. On or about April 3, 1990, the undersigned received a copy of the Memorandum, Order and Opinion of March 27, 1990, granting Defendant Vincent Murovich's Motion to Dismiss the Amended Complaint. On April 6, 1990, Attorney Nancy Stark of

---

**4.** The record reflects that Hector Leroy was never served in this case. (Document Nos. 10 & 13). Also, the record reflects that Judith Ciszek was never served. (Document Nos. 12 & 14). Defendant Ciszek nonetheless entered an appearance and filed a motion to dismiss. (Document Nos. 17 & 19).

**5.** The Court notes that in April of 1989, when Judge Cohill denied the Defendants' Motions to Dismiss, it was the law within the Third Circuit

that a complaint should not be dismissed as frivolous without giving the plaintiff leave to amend. *See Roman v. Jeffes*, 904 F.2d 192, 195 n. 4 (3d Cir.1990) (citing *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981)). The Supreme Court, in May of 1989, held that in certain circumstances *pro se* complaints can be dismissed as frivolous without leave to amend. *Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

this office contacted the Court and learned that the Motion to File an Amended Complaint was treated as an Amended Complaint. Herewith is the Motion to Dismiss the Amended Complaint.

(Document No. 41, Attached Memorandum at 2). Defendant Japalucci's Motion to Dismiss was served upon the Plaintiff and counsel of record.[6]

After this member of the Court was assigned to this case, and after Plaintiff filed an additional twenty-two "Motions to Request" or "Notices of Motions," the Court ordered all Defendants to respond to Plaintiff's Motion to Request [Ronald Paul Day be entered on the court dockets as co-plaintiff for Civil Action 88–2618] (Document No. 69). This order, dated March 11, 1991, was the first order to affect the rights of Defendants Drylie, Marsili, and Ciszek after the orders granting Plaintiff leave to amend his Complaint and extensions to do so in the spring and summer of 1989. After March 11, 1991, Defendants Marsili and Ciszek and Defendant Japalucci informed the Court by letters that they had not been served with the Motion to Request and asked that copies be provided and an extension be granted. Defendants Marsili and Ciszek also requested a copy of the Amended Complaint, which they stated Plaintiff had never been served upon them. While Defendants Marsili and Ciszek never filed a response to the Motion to Request in question, Defendant Japalucci did. (Document No. 71).

Twenty-one of the final twenty-three docket entries are Plaintiff's motions, and thirteen of those twenty-one motions (Document Nos. 73, 74, 77, 78, 79, 85, 86, 87, 88, 89, 91, 92, 94) seek reconsideration of Judge Cohill's dismissal of Defendant Murovich (Document No. 40.) or of this Court's initial refusal to reconsider Judge Cohill's order dismissing Defendant Murovich. (Document No. 75). All tolled, Plaintiff has filed fifteen motions seeking to have Defendant Murovich brought back into this action. (*See also* Document Nos. 48 & 50).

In sum, Defendant Murovich has been previously dismissed from this action. Defendant Japalucci has filed a motion to dismiss the amended complaint, despite the fact that Defendants Japalucci, Marsili and Ciszek dispute ever having been served with the Amended Complaint. Defendants Marsili, Ciszek, Drylie and Leroy have not filed motions to dismiss the Amended Complaint.

## MOTIONS TO DISMISS

### *Standard of Review*

In reviewing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Court must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). In addition, the Supreme Court has stated that *pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In reading Plaintiff's Complaint and Amended Complaint, it is very difficult to discern a precise factual background in support of the cause or causes of action Plaintiff is attempting to plead. We will therefore give Plaintiff's Complaint and Amended Complaint a very liberal reading

---

**6.** The record is ambiguous as to whether Defendant Murovich served the other Defendants with a copy of his motion to dismiss. His motion is accompanied by a "Certificate of Service," indicating that counsel of record and Hector Leroy were mailed copies of the motion on September 18, 1989. The motion is also accompanied by an "Affidavit of Service," indicating that the motion was mailed to Plaintiff on the same date. The Court is unaware of the reason for using two methods of proving service and whether the use of these two methods resulted in a lack of notice to counsel for the other Defendants.

in our attempt to construce the bases for his action.[7]

*Defendant Murovich*

■ Previously, another member of this Court granted defendant Murovich's Motion to Dismiss Plaintiff's Amended Complaint.[8] Subsequently, Plaintiff filed fifteen motions with respect to the Court's dismissal of defendant Murovich from this action, all of which either seek our reconsideration of Judge Cohill's prior disposition or to charge defendant Murovich with other claims. (See Document Nos. 48, 50, 73, 74, 77, 78, 79, 85, 86, 87, 88, 89, 91 and 94).

Plaintiff's request in this regard was previously considered by this member of the Court and denied pursuant to our Order dated July 12, 1991. (Document No. 75). After this Court's denial of reconsideration, Plaintiff has persisted in attempting to relitigate Defendant Murovich's dismissal. We find no reason to either revisit our earlier disposition or the decision of Judge Cohill, who concluded that since defendant Murovich is not a state public official and did not act under color of state law, his alleged wrongdoings fall without the purview of Section 1983. *See Taylor v. Diznoff*, 633 F.Supp. 640 (W.D.Pa.1986).

The dismissal of defendant Murovich from this action is deemed by this member of the Court to be the law of the case; Murovich's dismissal will not be reconsidered. In addition, based on our ruling, Plaintiff's pending Motions in which he seeks to charge defendant Murovich with additional wrongdoings are improperly before this Court. Accordingly, all Plaintiff's pending motions relating to Defendant Murovich will be denied.

*Defendant Japalucci and Judicial or Absolute Immunity*

In his Motion to Dismiss, District Justice Japalucci seeks to avail himself of absolute immunity contending that at all times he was performing judicial acts.

" 'Every person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages" pursuant to Title 42, United States Code, Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir.1992). "Despite these broad terms, however, the Supreme Court has consistently held that Section 1983 did not abolish long-standing common law immunities from and defenses to civil suits. *Burns v. Reed*, [500] U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)." *McArdle*, 961 F.2d at 1085.

■ At common law, persons acting as integral parts of the judicial process enjoyed absolute immunity from civil liability. *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Except for acts in "clear absence" of jurisdiction, judges are absolutely immune from liability for the performance of judicial acts. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The doctrine of judicial immunity applies to the conduct of District Justices as well as courts of general jurisdiction. *See Horne v. Farrell*, 560 F.Supp. 219 (M.D.Pa.1983); *Fox v. Castle*, 441 F.Supp. 411 (M.D.Pa.1977). Whether an act is a "judicial act" depends upon, (i) whether it is a function normally performed by the judge and (ii) whether the parties dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

At Paragraph IV of his Amended Complaint, Plaintiff avers the following:

Tony P. Rumfola vs. Donald Japalucci

(14) Donald Japalucci conducting a preliminary hearing of the case, Commonwealth of Pennsylvania vs. Tony P. Rumfola deprived Tony P. Rumfola of his constitutional rights to the fourteenth amend-

---

**7.** While plaintiff does not specifically incorporate the averments made in his original federal Complaint with his Amended Complaint, we will consider both pleadings in terms of plaintiff's statement of his cause of action. Our decision in this regard is due largely to the fact that defendant Hector Leroy's name appears only in the original Complaint.

**8.** This case was reassigned to this member of the Court on April 10, 1990.

ment. And the constitutional rights to the sixth amendment.

(15) Ignored the code of Professional responsibility, migistrate [sic] Donald Japalucci Deprived Tony P. Rumfola of an adequate hearing and an impartial tribunal free from any interest, bias or prejudice as per the Reno c.c.a.n.y.61 E.2d 966–968

(16) District Justice Donald Japalucci, in conducting the preliminary hearing ignored the following Rules: Rule 141—Rule 141–D—Rule 143—Rule 146—Rule 26 and Section 3 of Rule 140–A

(17) Actionable Fraud (5) five counts Donald Japalucci approved charges on two complaints without substantial evidence to prove such charges. Dismissed identical charges of one Ronald Paul Day at the same hearing. Day Heating actually committed the crime against Albert Leroy by selling him a used $9.00 thermostat for $595.00

■ Based upon the foregoing allegations, the Court would be hard pressed to conclude that Plaintiff has sufficiently pleaded any assertions that remotely suggest defendant Japalucci's actions were not judicial in nature. Notwithstanding our assuming the truth of Plaintiff's allegations, defendant Japalucci's actions regarding the preliminary hearing and the plea agreement are entirely appropriate and within the ambit of his duties in the course of presiding over criminal cases.

This Court is satisfied that the actions of District Justice Japalucci fall squarely within the scope of his judicial duties and responsibilities and any attempt by Plaintiff to portray defendant's actions otherwise is specious. Accordingly, having taken all the well pleaded allegations as true and having construed the complaint in the light most favorable to the Plaintiff, we find that no reasonable reading of the pleadings entitles Plaintiff to relief as to defendant Japalucci. *Colburn v. Upper Darby Township,* 838 F.2d at 666.

Defendant's Japalucci's Motion to Dismiss the Amended Complaint (Document No. 41) will be granted, and the Amended Complaint will be dismissed with prejudice as to Defendant Japalucci. Additionally, those motions relating to discovery requests concerning defendant Japalucci will be denied as moot. (Document Nos. 32, 54, 55, 57, 77, 86, and 93).

## *SUA SPONTE* DISMISSALS

*Defendant Anthony G. Marsili, Assistant District Attorney; Defendant Judith Ciszek, Assistant District Attorney*

■ Defendants Marsili and Ciszek, who were the prosecuting attorneys in Plaintiff's state court criminal case, have not filed motions to dismiss the Amended Complaint. The Court will nonetheless dismiss the Amended Complaint as frivolous pursuant to Title 28, United States Code, Section 1915(d) as to both Marsili and Ciszek.

This Court is cognizant that the Court of Appeals for the Third Circuit, in *Roman v. Jeffes,* 904 F.2d 192, 194 (3d Cir.1990), held that Section 1915(d) should not be used after service of the complaint to dismiss claims once found to be non-frivolous.[9] This Court distinguishes *Roman* from the circumstances of Marsili and Ciszek in this case.

First, ruling prior to *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), Judge Cohill was obligated under Third Circuit law to afford Plaintiff an opportunity to amend his Complaint before dismissing it pursuant to Section 1915(d). *See supra,* note 5. Thus, Judge Cohill did not necessarily make an "initial determination that some of the claims were not frivolous and that service should issue...." *Cf. Roman,* 904 F.2d at 196.

In contrast, in *Roman* the district court ruled pursuant to *Neitzke* and dismissed some claims and defendants before ordering service of process on the remaining

---

**9.** *Cf. Oates v. Sobolevitch,* 914 F.2d 428, 430–31 (3d Cir.1990) (complaint should not be dismissed pursuant to 12(b)(6) before service of the complaint, after *In Forma Pauperis* status is granted). This Court does not rely upon Federal Rule of Civil Procedure 12(b)(6) in dismissing the claims against Defendants Marsili and Ciszek.

defendants. After the remaining defendants filed answers, but not motions to dismiss, the district court *sua sponte* dismissed as frivolous the claims it once had held non-frivolous. The Third Circuit reversed because the dismissal did not serve "to weed out frivolous claims at the outset," *Id.*, and the dismissal accorded disparate treatment to indigent litigants. *Id.* The district court in *Roman* had one unfettered opportunity to dismiss frivolous claims before the procedural safeguards of the Rules of Civil Procedure attached to shield the baseless claims from *sua sponte* dismissal. The members of this Court, under then-existing law, did not have the opportunity to dismiss frivolous claims at the time that the original Complaint was filed in this case. The Amended Complaint, filed after *Neitzke* was decided, affords this Court the opportunity to rid itself of the two claims, both doomed to failure, against Marsili and Ciszek.

Second, the record in this case does not reflect that proper service of the Amended Complaint has been had. The Amended Complaint on file does not have a certificate of service attached to it. (Document No. 34). Alteration of the caption of Document Number 34 from "Motion to Request" to "Amended Complaint" is obvious. Plaintiff's "Certificate of Mailing," (Document No. 35), indicates that the Amended Complaint—or a "Motion to Amended Complaint"—was improperly served upon the Defendants, rather than their counsel. *See* Fed.R.Civ.P. 5(b). Importantly, Document Number 35 was itself filed without a certificate of service. The Defendants, who claim to have been served with a motion to amend the Complaint, but no Amended Complaint, were not put on notice of the Amended Complaint by Document Number 35.

This case, as to Marsili and Ciszek, is still at the outset. These Defendants filed motions to dismiss the original Complaint, which were denied without prejudice. The record does not reflect proper service of the Amended Complaint. Before acting to induce proper service of the Amended Com-

plaint on Marsili and Ciszek and starting the claims against them down the road to their foregone conclusions, this Court can nip these frivolous claims in the bud, while according Plaintiff no more disparate treatment than is contemplated by Section 1915(d) itself and *Neitzke.*

■ Because Plaintiff's claims against Marsili and Ciszek are doomed to failure as a matter of law, dismissal of these claims is appropriate under the standards enunciated by the Supreme Court in *Neitzke.* The Supreme Court held that dismissals pursuant to Section 1915(d) is authorized only as to a limited subset of the claims that can properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court announced the restrictive standard for 1915(d) dismissals as follows:

> [T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Examples of the former class are claims against which it is clear that the defendants are immune from suit,* ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke,* 490 U.S. at 327–28, 109 S.Ct. at 1833 (emphasis added). Plaintiff's Amended Complaint alleges that Marsili and Ciszek engaged in certain outrageous conduct as the prosecuting attorneys in his state court criminal action. Because Marsili and Ciszek, as prosecutors performing functions integrally related to the judicial function, are absolutely immune from Section 1983 liability, *Imbler v. Pachtman,* 424 U.S. 409, 427–28, 430–31, 96 S.Ct. 984, 993–94, 995–96, 47 L.Ed.2d 128 (1976), Plaintiff's claims against them should be dismissed under the "immunity prong" of the *Neitzke* standard.[10]

---

**10.** Specifically, the *Imbler* Court held:
We conclude that the considerations outlined

above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at com-

In the opening paragraph of his Amended Complaint, Plaintiff states that his "Constitutional rights were deprived of me by the defendants." Thereafter, the Amended Complaint contains separate allegations with respect to each of the named defendants. The scope of Plaintiff's Amended Complaint as to defendants Marsili and Ciszek, in its entirety, is as follows:

I Tony P. Rumfola vs. Vincent Marovich

\* \* \* \* \* \*

(3) Actionable Fraud:

Where as [sic] in the case commonwealth [sic] of Pennsylvania vs. Tony P. Rumfola, at the Preliminary Hearing, the Plaintiff, Albert Leroy stated to the Courts, conducted by Migistatre [sic] Donald Japalucci, that Tony Rumfola did not commit the crime the two men that you just allowed to leave did it Vincent Marovich [sic], acting as my Attorney should have stated to the migistrate [sic] that I was proven innocent and should drop all charges. Instead, under the direction of the migistrate [sic] my Attorney joined officer Drylie, assistant D.A. Anthony Marsili, and Donald Japalucci in a private chamber and agreed with them to extort $1000.00 from me.

\* \* \* \* \* \*

III Tony P. Rumfola vs. Anthony G. Marsili

(10) The Fourteenth Amendment and the Equal protection of the laws

(11) Rule 141–D

(12) Rule 143. Albert Leroy Told the Assistant D.A. that Tony Rumfola did not commit the crime against him, two other people did this was ignored by all parties of the Court and my Attorney whereas Rule 143 and Rule 141–D should have been applied.

(13) Actionable Fraud (5) counts approved fraudulent, fabricated, fictitious

with out positive proof and proper investigation

\* \* \* \* \* \*

V Tony P. Rumfola vs. Judith Ciszek

(18) I accuse Judith Ciszek, as the Assistant D.A. representing the Commonwealth of Pennsylvania in conduction [sic] the preliminary attorney's conference relating to the case of the commonwealth vs. Tony P. Rumfola neglected her duty to the tax payers of the state of Pennsylvania by depriving me of constitutional right of the XIV Amendment. No state shall deny to any person within its jurisdiction the protection of the laws.

(19) Judith Ciszek, by ignoring the code of Professional Responsibility deprived me of an adequate attorneys conference and an impartial tribune [sic] free from interest bias or prejudice by continuing the hearing without the presence of Plaintiff Albert Leroy.

(20) Right to the VI Amendment the right to assistance of council [sic] and compulsory process.

(21) Tim McCormich, [sic] Public defender representing Tony P. Rumfola, informed Judith Ciszek that the office if the D.A. falsely accuses my client of checks he did not cash Judith Ciszek ignored the statement. I feel, in properly conduction [sic] the hearing, she should have examined the checks in question.

(22) By ignoring the code of Professional Responsibility, Judith Ciszek allowed the process of actionable fraud to be continued in this action, crusing [sic] Tony P. Rumfola to be injured in action of law, suit in equity and other proper proceeding fro [sic] Redress.

(23) Judith Ciszek allowed Patrolman Drylie to harass me, threaten me and make a statement denying me the right to enter the town of Jeannett [sic] ignored this instead of protection [sic] me by telling him he was out of order.

mon law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest.
*Imbler,* 424 U.S. at 427, 96 S.Ct. at 993.

(24) When we left the hearing room, I asked my Attorney, Tim McCormick how a person acting in the capacity of a Judge can ignore everything that happened in there and, I hear the pet phrase from him "she will deny it was said." [sic]

Plaintiff sets forth the claim that Marsili and Ciszek in their capacities as assistant district attorneys prosecuted the wrong person and/or ignored exculpatory hearsay statements in the course of their prosecution. Our liberal consideration of these averments in a light most favorable to Plaintiff leaves us with the firm conviction that Plaintiff has pleaded acts and omissions by Marsili and Ciszek that solely relate to "core prosecutorial function[s]". *Kulwicki v. Dawson,* 969 F.2d 1454, 1464 (3d Cir.1992). Defendants Marsili and Ciszek are clearly immune under *Imbler,* and the claims against them should be dismissed as frivolous under Section 1915(d) and *Neitzke.*[11]

*Hector Leroy*

The sum and substance of Plaintiff's Section 1983 claim against defendant, Hector Leroy, appears at pages 1 and 2 of Plaintiff's Complaint which reads as follows:

Whereas, I was told by Ptlmn William Drylie he received the information on the Complaint filed on 2–18–82 charging me with violating Section 903, which was presented to me at the time of my arrest. I deem the matter as false arrest due to the fact that Hector Leroy did not live at 7 E. Gaskill Ave. and was never at 7 E. Gaskill Ave to witness any of the dealing between me and Mr. Leroy. Drylie was aware of this and should not use evidence form [sic] him as charges against me on a formal complaint which constitutes a crime by both Hector Leroy and Drylie and the office of the D.A. Hector Leroy should have been made to show

I.D. for his residence, or should have been asked his address and if he gave an address in the State of Pennsylvania, he would have given them a false address. Hector Leroy resided in another state did so at the time of this action because Albert Leroy had me call his so [sic] as to explain what had happened and what had to be done to correct it and Hector Leroy to Albert Leroy to permit me to do the work.

Check # 223–$500.00

Check # 227–$572.00

Check # 224–$1218.00

Check # 226–$400.00

Check # 220–$885.00

There for [sic] falsely charging me with theft by deception of $3575.00 acquired by another firm instead of being received by me, as accused.

Though his specific relationship with the purported victim, Albert Leroy, is unclear, it is apparent from our reading of the Complaint that Hector Leroy, a private citizen, is a relative of Albert Leroy.

 Service of the original Complaint upon Hector Leroy was returned as unexecuted on March 8, 1988. The United States marshal noted on the return of service that "Neighbors stated that Hector Leroy passed away last week 2/11/89" (Document No. 13). No counsel has filed an appearance on Hector Leroy's behalf, and no attempt has been made to serve his estate, if such an estate exists. The Court notes that Plaintiff's Amended Complaint does not contain allegations against Hector Leroy, and Plaintiff's "Certificate of Mailing [of the Amended Complaint]," (Document No. 35), indicates that Plaintiff does not claim to have served the Amended Complaint upon Hector Leroy or his estate.

---

**11.** The Court notes that Defendant Drylie has not filed a 12(b)(6) motion to dismiss the Amended Complaint. The immunity of a police officer is qualified, not absolute, and the interplay of case-specific facts impacts on the applicability of immunity in each case. *See Pierson v. Ray,* 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967). Under *Neitzke,* Defendant Drylie is not clearly immune, and

Plaintiff's allegations, while convoluted, are not delusional. Dismissal of claims against Defendant Drylie under Section 1915(d) is therefore unwarranted. The Court does not comment on whether dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) would be appropriate as to the claims against Defendant Drylie.

**578**

The Court will dismiss Hector Leroy from this case for lack of personal jurisdiction.

Were the Court to determine that jurisdiction over Hector Leroy or his estate existed, the court would dismiss the Complaint against Hector Leroy as frivolous. Plaintiff's Section 1983 allegations against Hector Leroy are utterly frivolous and without any basis in law. *See Polk County v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 448, 70 L.Ed.2d 509 (1982) (if the record does not disclose that a defendant acted under color of state law, the Section 1983 claim fails as a matter of jurisdiction).

In sum, defendants Murovich, Leroy, Japalucci, Ciszek, and Marsili are dismissed from this case. Inasmuch as all of Plaintiff's Motions are related to the above defendants, they are denied by the Court as moot.[12]

An appropriate Order will be entered.

### ORDER OF COURT

AND NOW this 8th day of October, 1992, for the reasons set forth in the Courts Memorandum Opinion of even date, it is hereby ORDERED that:

1. All of Plaintiff's pending motions relating to defendant Vincent Murovich (Document Nos. 48, 50, 73, 74, 77, 78, 79, 85, 86, 87, 88, 89, 92 and 94) are DENIED;

2. Defendant Donald Japalucci's motion to dismiss (Document No. 41) is GRANTED, and Defendant Donald Japalucci is DISMISSED WITH PREJUDICE from the above captioned case;

3. All motions relating to discovery requests concerning Defendant Donald Japalucci (Document Nos. 32, 54, 55, 57, 77, 86 and 93), are DENIED AS MOOT.

4. All claims against Defendant Anthony G. Marsili are DISMISSED AS FRIVOLOUS, and Defendant Anthony G. Marsili is DISMISSED WITH PREJUDICE from the above captioned case;

[12.] In light of our Opinion, we deem all of plaintiff's Motions to be ripe for disposition, although the defendants have not responded to all of them. In addition to the motions enumerated above regarding Defendants Murovich and Japalucci, plaintiff has numerous other motions

5. All claims against Defendant Judith Ciszek are DISMISSED AS FRIVOLOUS, and Defendant Judith Ciszek is DISMISSED WITH PREJUDICE from the above captioned case;

6. Defendant Hector Leroy is DISMISSED from the above captioned case;

7. All of Plaintiff's remaining motions (Document Nos. 26, 31, 37, 44, 45, 46, 47, 49, 51, 52, 53, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 72, 80, 81, 82, 83, 84, 90 and 93), are DENIED AS MOOT.

pending. These remaining motions appear on our docket at the following Document Numbers: 26, 31, 37, 44, 45, 46, 47, 49, 51, 52, 53, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 72, 80, 81, 82, 83, 84, 90, and 93. All of these motions will be denied.